AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of New Jersey

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Patrick Giblin | ) Case No. |
| | )      20-mj-2097 (JS) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____July 23, 2020_____ in the county of _____Camden and Essex_____ in the

_____ District of _____New Jersey_____ , the defendant(s) violated:

| Code Section | Description of Offenses |
|---|---|
| Title 18, U.S.C., Sections 751(a) and 4082(a) | Escape.  See See Attachment A. |

This criminal complaint is based on these facts:

See Attachment B

☑ Continued on the attached sheet.

 

_____
*Complainant's signature*

Deputy U.S. Marshal Darrin Altman
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means)*.

Date: _____08/07/2020_____

_____
*Judge's signature*

City and state: _____District of New Jersey_____    Hon. Joel Schneider, U.S. Magistrate Judge
_____
*Printed name and title*

Contents Approved

Matthew J. Skahill
Deputy U.S. Attorney for the Southern Vicinages

## **ATTACHMENT A**

(Escape from the Custody of the Attorney General)

On or about July 23, 2020, in the District of New Jersey and elsewhere, defendant

Patrick Giblin

did knowingly escape from the custody of the Attorney General, and from any institution or facility in which he was confined by direction of the Attorney General, and did willfully fail to remain within the extended limits of his confinement and return within the time prescribed to an institution or facility designated by the Attorney General, as a result of a federal felony conviction in the District of New Jersey.

In violation of Title 18, United States Code, Sections 751(a) and 4082(a).

2

**ATTACHMENT B**

I, Darrin Altman, am a Deputy U.S. Marshal with the United States Marshals Service assigned to the District of New Jersey, Camden Division, where my investigative focus is the apprehension of fugitives. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, photographs and other evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date and time, I am asserting that it took place on or about the date and time alleged.

1.      On or about August 14, 2017, the Honorable Robert B. Kugler, U.S.D.J., sentenced Patrick Giblin to the custody of the U.S. Attorney General, Federal Bureau of Prisons (BOP), to a sixty-month term of imprisonment, following his guilty plea to a one-count Information charging him with interstate travel and use of an interstate facility to promote unlawful activity, in violation of 18 U.S.C. § 1952(a)(3). *See United States v. Patrick Giblin*, Crim. No. 17-33 (RBK).

2.      On or about April 16, 2020, Giblin was transferred to United States Penitentiary, Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania.

3.      On July 23, 2020, the BOP, pursuant to an approved furlough application, directed Giblin to travel unescorted, but while still serving his sentence and still under the custody of the United States Attorney General, to Kintock Residential Reentry Center, 37-47 Legal Street, Newark, NJ 07114 ("Kintock"). Giblin departed USP Lewisburg at approximately 6:00 a.m. and, pursuant to an approved itinerary which temporarily extended the limits of his confinement and permitted him to travel by airplane from Harrisburg, Pennsylvania to Newark, New Jersey with a stopover in Charlotte, North Carolina, was directed to report to Kintock at approximately 3:00 p.m. As part of Giblin's furlough application, Giblin acknowledged in writing:

3

"I understand that if approved, I am authorized to be only in the area of the destination shown on the Furlough Application and at ordinary stopovers or points on a direct route to or from that destination.  I understand that my furlough only extends the limits of my confinement and that I remain in the custody of the Attorney General of the United States.  If I fail to remain within the extended limits of this confinement, it shall be deemed an escape from custody of the Attorney General, punishable as provided in Section 751 of Title 18, United States Code."

4.    Personnel with the BOP travelled with Giblin to the Harrisburg airport and observed him depart the airport by plane.  Thereafter, Giblin failed to report to Kintock by 3:00 p.m. on July 23, 2020 as directed and has not reported to any BOP facility or the designated residential reentry center since that time.   On July 23, 2020, the BOP put Giblin on escape status and Giblin is considered an escaped federal inmate.

5.    I am requesting the complaint and arrest warrant be sealed until further order of the court. The investigation into the whereabouts is ongoing at this time. Should the existence of this complaint and arrest warrant become known to Giblin, it is my belief that he may flee thereby frustrating the ongoing investigation.

Respectfully submitted,

Darrin Altman
Deputy U.S. Marshal
United States Marshals Service

Puruant to Fed. R. Crim. P. 4.1, Deputy U.S. Marshal Darrin Altman was sworn and attested to the contents of this affidavit in support of the issuance or an arrest warrant and criminal complaint charging defendant Patrick Giblin with one count of escape, as set forth in Attachment A.

Honorable Joel Schneider, U.S.M.J.                    Date: August 7, 2020

4